Henry S. Conover v. Commissioner. Percy J. Smith v. Commissioner. Jane L. Moore v. Commissioner.
Henry S. Conover v. Commissioner
Docket Nos. 4001, 4004, 4005.
United States Tax Court
1945 Tax Ct. Memo LEXIS 248; 4 T.C.M. (CCH) 367; T.C.M. (RIA) 45119; April 5, 1945
*248 Samson Merriam, Esq., for the petitioners. Clay C. Holmes, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: These cases, duly consolidated for hearing, involve income taxes for the calendar year 1941. Deficiencies were determined as follows: Docket No. 4001 Henry S. Conover
$ 327.81
Docket No. 4004 Percy J. Smith
316.06
Docket No. 4005 Jane L. Moore
1,235.38
After concessions on other issues, which will be reflected in decision entered under Rule 50, there remains for consideration only one issue, i.e., whether the stock in a certain corporation held by each of the petitioners, became worthless in the taxable years as contended by the petitioners, or had become worthless prior thereto, as argued by the respondent. All facts were stipulated, and by reference we find the facts as so stipulated. So far as material to consideration of the issue to be determined, such facts are as follows. [The Facts] Each petitioner filed Federal income tax return for the calendar year 1941 with the collector for the first district of New York. In such return long-term capital losses were claimed for stock of Brookmont Corporation as follows: *249 Loss to be
taken into
No. of Shares
Cost
Loss
%
Account
Jane L. Moore
Class A Stock
25
$ 650.00
$ 650.00
50%
$ 325.00
Class B Stock
120
6,000.00
6,000.00
50%
3,000.00
$3,325.00
Percy J. Smith
Class B Stock
400
$ 4,000.00
$ 4,000.00
50%
$2,000.00
Henry S. Conover
Class A Stock
30
$ 750.00
$ 750.00
50%
$ 375.00
Class B Stock
278 4/5
13,940.00
13,940.00
50%
6,970.00
$7,345.00 Each petitioner owned the stock of Brookmont Corporation set opposite his name above, at a cost to him as above stated in the year 1926, and each suffered capital loss as above stated, of which 50 per cent should be taken into account, so that the only question remaining is whether such loss was suffered in the taxable year. The Brookmont Corporation was originally incorporated under the name and style of Brooklyn Lafayette Corporation on February 9, 1926. During the year 1932 the name was changed to Brookmont Corporation. It was engaged in the business of real estate. At no time were petitioners Percy J. Smith and Jane L. Moore, and at least subsequent to 1933 petitioner Henry S. Conover, officers or *250 directors of Brookmont Corporation. Petitioner Jane L. Moore never was engaged in business on her own behalf nor employed in any business at any time. In 1936 Brookmont Corporation issued its last annual report to its stockholders, including the petitioners, and it was received by the petitioners. The report, inter alia, contained a balance sheet as of December 31, 1935, showing assets of $1,046,246.45, liabilities of $372,099.43, capital of $110,000, and surplus of $564,147.02 (before provision for shrinkage of $841,462.59 in indicated market value of investments as compared with book value). Such surplus consisted of a balance of $633,434.68 on January 1, 1935, less $69,287.66, being deficit in earned surplus of $51,360.83 on January 1, 1935, and a net loss of $17,926.83 for the year 1935. The report referred to a lease of real estate to a large chain store organization, renovation of the property and consequent improvement therein, and stated that other real estate matters are receiving the careful attention of the board of directors. In the year 1937 certain assets of the Brookmont Corporation which were held as collateral by various creditors thereof were sold by said creditors *251 and the proceeds applied in reduction of the indebtedness to said creditors. Income and excess profits tax returns filed by Brookmont Corporation showed as follows: Liabilities
Assets as
as per
"Total
per Balance
Balance Sheet
Calendar
Income"
Sheet at
at end of
Year
Reported a
Net Loss
end of Year
Year
1933
$ 219.87
$18,317.99
$228,509.58
$369,394.06
1934
87.69
17,721.01
210,966.56
360,355.30
1935
78.00
16,874.83
204,783.86
372,099.43
1936
13.75
14,417.01
136,302.23
330,739.03
1937
28.18
32,702.68
83,143.76
311,335.24
1938
2,260.81 b
770.82
69,938.67
298,900.97
1939
2,875.00 c
1,070.72
67,697.95
297,730.97
1940
4,212.82
63,485.13
297,730.97
1941
13.32
18,844.06
16,840.51
269,930.41
*252 The capital stock tax returns of Brookmont Corporation for the years 1934, 1935, 1936, and 1938, show value of capital stock to be nothing. For 1937 the return shows original declared value of capital stock as zero, adjusted by $14,417.01. Brookmont Corporation was legally dissolved on July 31, 1941. Up to that date it had paid its New York Franchise Tax. On December 26, 1941, Brookmont Corporation wrote its stockholders, including the petitioners herein, advising of the formal dissolution of the corporation and that no dividend of any kind would be available to the stockholders, including the petitioners herein. In the deficiency notice in the case of each petitioner the deduction is denied, with the explanation that. "It is held that the longterm capital loss * * * is not deductible in computing your net income for the year 1941." Upon brief, the respondent takes the view that the stock of Brookmont Corporation was worthless "long prior to 1941." The burden was therefore upon the petitioners to show that at the end of 1940 the Brookmont stock had value, for the actual dissolution of the corporation in 1941 could not indicate loss of value if none then remained. After careful *253 examination of all of the facts here presented to us, we are forced to the conclusion that the petitioners have not met the burden imposed upon them. It is not without reluctance that we deny deduction for loss in the year when there is final corporate dissolution; yet the circumstances here leave, in our opinion, no alternative. It is unnecessary to go into the many cases, such as ; affd., ; or , which pro and con, discuss the questions of identifiable event and of value, actual or potential, for we think it can not reasonably be held that either actual or potential value is shown as of the end of the year 1940. Cases have indicated that excess of liabilities over assets indicates no value in stock. See, for example, ; . Here, that situation appears year after year, prior to the taxable year, with the situation steadily worsening, and no optimistic upturn anywhere appearing, until at the end of 1940, the balance sheet is: assets $16,840.51, liabilities *254 $269,930.41. For several years the company's officers considered its capital stock to have no value. The actual income for eight years - 1933 to 1940 - was practically nil, without considering the charges to "rents" (or in 1936 to "royalties" and capital loss) which reduced "total income" reported to a minus figure. The corporate business was real estate, so that such a record of income shows plainly that the company was, in substance and effect, out of business for several years prior to the taxable year; so we find no hopeful note, such as existed in , where, after an operating deficit the corporation continued to operate and reduced the deficit by subsequent profits. Though there is some indication that the petitioners did not know the condition of the corporation, it is not satisfactory, for in effect it is that the petitioners were not officers or directors, and that the last annual statement received by them from the corporation was in 1936. This does not, in truth, negative actual knowledge on their part of the corporate condition. Such knowledge or lack of it, however, is not to control over the fact of stock value, *255 at least potential; and in our opinion it is compellingly clear that not even potential value is shown in Brookmont stock at December 31, 1940. The action of the Commissioner in denying the deductions in 1941 is approved. Decision will be entered under Rule 50. Footnotes
a. In each year, except 1936, an item denominated "rents" is charged against gross income, reducing "Total Income" reported to a minus figure; in 1936 the $13.75 income is offset by $1,987.94 "royalties" and $2,000 capital loss, thus leaving "Total Income" minus $3,974.19. ↩
b. Profit on sale of securities. But $1,928.66 "rents" is deducted, leaving net total income $332.15. ↩
c. $1,493.40 "interest" less $1,464.65 "rents."↩